UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | | |
|---|---|---|
| EVELYN C. BENNETT, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6: 06-91-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| WASTE MANAGEMENT OF | ) | **MEMORANDUM OPINION** |
| KENTUCKY HOLDINGS, INC., AND | ) | **AND ORDER** |
| WASTE MANAGEMENT OF | ) | |
| KENTUCKY, LLC., d/b/a WASTE | ) | |
| MANAGEMENT INC., | ) | |
| | ) | |
| Defendants. | ) | |

*** *** *** ***

This matter is pending for consideration of Defendants Waste Management of Kentucky Holdings, Inc. and Waste Management of Kentucky, LLC, d/b/a Waste Management Inc.'s (collectively, the "Defendants") renewed motion to dismiss. [Record No. 10]  Through this motion, the Defendants have moved the Court to dismiss the Plaintiff's wrongful discharge claim for failure to state a claim.  The time for filing a response to the instant motion under the Local Rules has expired.  The Plaintiff having failed to respond to the motion and the Court being otherwise sufficiently advised, the Defendants' motion will be granted.

On January 19, 2005, the Plaintiff Evelyn Bennett sued the Defendants in Harlan Circuit Court, asserting claims for wrongful discharge, defamation, outrage/intentional infliction of emotional distress, and breach of implied contract.  The Defendants removed the action to this Court on February 27, 2006.  Subsequently, they moved to dismiss the Plaintiff's claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim.  In the

-1-

alternative, the Defendants requested that the Court direct the Plaintiff to file a more definite statement inasmuch as the Plaintiff's complaint was so vague that they could not file a responsive pleading.

On April 18, 2006, the Court granted the Defendants' motion to dismiss with respect to the Plaintiff's outrage claim.  In addition, the Court granted the Defendants' request for a more definite statement as it related to the Plaintiff's claims for wrongful discharge and defamation. However, the Court found that the Plaintiff could proceed with her breach of contract claim.

With respect to the wrongful discharge claim, the Court concluded that the Plaintiff's complaint and tendered Amended Complaint were deficient with respect to her attempt to state a claim inasmuch as she "failed to articulate the *specific* constitutional provision" giving rise to a cause of action for being terminated for "maintaining her innocence." [Record No. 7, p. 5] Specifically, the Court noted that it was unaware of any clear legislative or constitutional expression of a fundamental policy that would preclude the firing of an individual for maintaining one's innocence when accused of theft by an employer.  Consequently, the Court directed the Plaintiff to provide a more definite statement with respect to the wrongful discharge claim.   Specifically, the Court indicated that the Plaintiff should provide the specific constitutional provision giving rise to the claim for wrongful discharge.

On May 1, 2006, the Plaintiff filed an Amended Verified Complaint.  Having examined the Amended Verified Complaint, the Court agrees with the Defendants that the Plaintiff's wrongful discharge claim "continues to be wholly defective." [Record No. 10, p. 3]  Despite the Court's directive, the Plaintiff has *again* failed to allege any legislative or specific constitutional

-2-

provision that evidences a fundamental public policy to prohibit, or otherwise discourage, the termination of an employee for refusing to admit a criminal act. Instead, the Plaintiff has simply reiterated the vague language from her initial complaint that she was "fired because she exercise her right under the United States Constitution and the Constitution of the Commonwealth of Kentucky to maintain her innocence when the Defendants made allegations of theft against her." [Record No. 8, Amended Verified Complaint ¶ 11]

Inasmuch as the Plaintiff has failed to allege a specific federal or state legislative or constitutional policy which has an employment-related nexus to her termination, the Court finds that she has failed to state a claim for wrongful discharge. Therefore, this claim should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Accordingly, it is hereby **ORDERED** that:

1.      The Defendants' Renewed Motion to Dismiss [Record No. 10] is **GRANTED**;

2.      The Plaintiff's wrongful discharge claim is hereby **DISMISSED**.

This 7th day of June, 2006.



Signed By:

**_Danny C. Reeves_**

**United States District Judge**